UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**

DEC 1 8 2013

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN RE: PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION

American Eagle Outfitters, Inc. v. Visa Inc., et al., )
W.D. Pennsylvania, C.A. No. 2:13-1290 ) MDL No. 1720

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiff American Eagle Outfitters, Inc. ("AEO") moves to vacate our order conditionally transferring its action to the Eastern District of New York for inclusion in MDL No. 1720. Defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association (collectively, "Visa") and MasterCard Incorporated and MasterCard International Incorporated (collectively, "MasterCard") oppose the motion to vacate. The actions in MDL No. 1720 involve allegations that Visa and MasterCard engaged in anticompetitive conduct with respect to interchange fees imposed on credit and debit card transactions and rules governing merchants' acceptance of such payment cards.

In opposing transfer, plaintiff AEO adopts and repeats arguments made by plaintiffs in the *Target* and *7-Eleven* actions the Panel recently transferred to MDL No. 1720[1] – that transfer is not appropriate because the MDL is at an advanced stage and places new plaintiffs like AEO at a procedural disadvantage; transfer would violate the rights of merchants objecting to the class settlement to opt-out and pursue individual actions; and the transferee court's alleged involvement in *ex parte* settlement discussions would prejudice plaintiff. The Panel rejected each of those arguments when it transferred the *Target* and *7-Eleven* actions to MDL No. 1720.[2] AEO has offered no justification for the Panel to reconsider its decision on any of those issues.[3] The transferee court's December 13, 2013, order granting final approval to the class settlement[4] does not warrant a different outcome. MDL No. 1720 encompasses opt-out actions similar to the action filed by AEO, which will

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

[1] *See* Transfer Order (J.P.M.L. Oct. 16, 2013) (transferring *Target Corp. v. Visa Inc.*, C.A. No. 13-03477 (S.D.N.Y.); *7-Eleven, Inc. v. Visa Inc.*, C.A. No. 13-04442 (S.D.N.Y.)).

[2] *See* Transfer Order at 1-3.

[3] On the contrary, AEO acknowledges that it is similarly situated to plaintiffs in the *Target* and *7-Eleven* actions – like those plaintiffs, AEO is a merchant who opted out of the monetary component of the proposed class settlement, and an absent class member who has not participated in MDL No. 1720.

[4] *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, — F. Supp. 2d —, 2013 WL 6510737 (E.D.N.Y. Dec. 13, 2013).

-2-

benefit from the common pretrial proceedings. AEO also concedes that its action shares common questions of fact with the opt-out actions pending in MDL No. 1720.

AEO asks the Panel, in the alternative, to create a new MDL to handle the opt-out actions, which now total 20, and transfer those actions to the Southern District of New York, where the first opt-out action (*Target*) was filed. This request was also made by the *Target* and *7-Eleven* plaintiffs and rejected by the Panel. *Id.* Again, AEO has offered no reason for the Panel to reconsider this aspect of the decision. Indeed, MDL No. 1720 now includes 18 opt-out actions, including the *Target* and *7-Eleven* actions which AEO accurately describes as substantially similar to its own action.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 1720, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Eastern District of New York was an appropriate Section 1407 forum for actions arising out of allegations "that the imposition of a no-surcharge rule and/or the establishment of the interchange fee causes the merchant discount fee to be set at supracompetitive levels in violation of the federal antitrust laws." *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005). This action involves substantially the same factual allegations, and thus falls squarely within the subject matter of the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable John Gleeson for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro      Charles R. Breyer
Sarah S. Vance      Ellen Segal Huvelle